**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-935C
(Filed June 17, 2016)
NOT FOR PUBLICATION

**FILED**

**JUN 17 2016**

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
```
                                    *
                                    *
JASON WAYNE NAILLIEUX,              *
                                    *
              Plaintiff,            *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
```
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On August 25, 2015, plaintiff filed a complaint in our court, naming the Los Angeles County Police and Sheriff's Departments as defendants. Since the United States is the only proper defendant in complaints filed in our court, *see* Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC), the case has been captioned as against the United States. In a complaint spanning some 29 pages of difficult to decipher prose, plaintiff does not clearly (or even vaguely) allege any claim against the United States. While the complaint states numerous times that plaintiff is a "protected child victim by order [of] the Chief Justice," Compl. at 2, the meaning of this phrase escapes the Court. A substantial part of the complaint appears to be a narrative detailing various wrongs that plaintiff has either witnessed or suffered --- it is often not clear which. These purported events both appear not to concern the conduct of the United States and are frivolous. For example, the complaint alleges that the President of the United States "picked my suit and called my person," *id*. at 4; that the sheriff, presumably of Los Angeles County, "murdered the Chief Justice of the United S[t]ates Supreme Court twice," *id*. at 5; and that there has been a "mass killing of child[ren]" presumably by that same police department, *id*. at 12. The other parts of the complaint, to the extent they are decipherable, seem to consist of references to a "legal writing" and plaintiff being a "notary and recorder." *Id*. at 2. The relevance of these references are lost on the Court.

The government has moved to dismiss plaintiff's complaint, under RCFC 12(b)(1), for lack of subject-matter jurisdiction. Defendant contends, quiet

reasonably given the contents of the complaint, that plaintiff has failed to allege any claim within our subject-matter jurisdiction. Def.'s Mot. to Dismiss. Not counting the complaint, plaintiff has submitted five separate documents which we have assumed, due regard being given to plaintiff's pro se status, to be addressing the substance of his claim. These five documents, totaling 49 pages, shed no light on the nature of Mr. Naillieux's claim, as they also consist of largely indecipherable prose. Those limited parts of these documents whose meaning can be somewhat understood, such as Mr. Naillieux's claims that he "started my suit with[]in the education department well [sic] in elementary school," ECF No 7. at 5; that he was "given a millitery [sic] from the powers of [C]ongress," *id.* at 8; and that there has been an "actual attempted assassination of the [P]resident of the [U]nited States" five times since he filed his complaint, ECF No. 14 at 6, fail to shed any light on the nature of any claim against the United States. In sum, at no point in his assorted filings does plaintiff assert any claim against the United States. As noted above, the only proper defendant in complaints filed in our court is the United States, *see also Capelouto v. United States,* 99 Fed. Cl. 682, 688 (2011); 28 U.S.C. § 1491, and thus plaintiff's complaint must be dismissed. For the foregoing reasons, the defendant's motion is **GRANTED** and the Clerk is directed to close the case.

As the Court has been very indulgent in allowing plaintiff's unusual documents to be filed as status reports, the same treatment will be afforded the two most recent submissions, received on May 26, 2016, and June 6, 2016. Although these two documents are no more illuminating of the nature of plaintiff's claim than the previous ones, for the purpose of assembling a complete record, the Clerk is directed to file them as status reports.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge